**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAVID HERNANDEZ,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-26-837-G** |
| | ) |
| **MARKWAYNE MULLIN,** | ) |
| **Secretary of United States Department** | ) |
| **of Homeland Security, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## <u>ORDER</u>

On April 17, 2026, Petitioner David Hernandez filed a Petition for Writ of Habeas Corpus (Doc. No. 1), challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241.  In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda L. Maxfield for preliminary review.  Certain Respondents filed an Answer (Doc. No. 7) and a Supplemental Brief (Doc. No. 10),[1] and Petitioner filed a Reply (Doc. No. 8).

On June 5, 2026, Judge Maxfield issued a Report and Recommendation ("R. & R.," Doc. No. 11), in which she recommended the Petition be granted in part and Respondents ordered to "release Petitioner immediately."  *Id.* at 2 (emphasis omitted); *see also id.* at 6-13.[2]

---

[1] Respondent Chris Gantt, Warden of Cimarron Correctional Facility, has not appeared in this action.  The appearing Respondents are: Markwayne Mullin, Secretary of United States Department of Homeland Security; and Todd Blanche, United States Attorney General.

[2] Based upon this determination, the magistrate judge did not reach Petitioner's due process or Administrative Procedure Act claims.  *See* R. & R. at 5-6, 13-14; Pet. at 7-8.

In the R. & R., Judge Maxfield advised the parties of their right to object to the R. & R. by June 12, 2026.  Judge Maxfield also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the R. & R.

As of this date, no party has submitted an objection to the R. & R. or sought additional time to do so.  In this instance, the undersigned reviews the R. & R. "only to confirm that there is no clear error on the face of the record."  *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *1 (W.D. Okla. Feb. 20, 2026) (internal quotation marks omitted); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a [magistrate judge's] report under any standard it deems appropriate.").

After concluding that the Court has jurisdiction to consider Petitioner's claim, Judge Maxfield found that "Respondents' detention of Petitioner under [8 U.S.C. § 1225(b)(2)(A)]" "denied him the opportunity for a bond hearing" and "violates the [Immigration and Nationality Act]." R. & R. at 6-7, 10; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026).  Judge Maxfield recommended Petitioner's immediate release from ICE custody because "Petitioner's detention by ICE in November 2025 was unlawful from the moment it began" due to ICE's lack of compliance with its own regulations in detaining Petitioner.  R. & R. at 11-13; *see also Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *2-3 (W.D. Okla. May 27, 2026); 28 U.S.C. § 2241(c)(3).  Upon review, the undersigned finds no clear error.

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 11) is ADOPTED in its entirety.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon violation of the INA.

2. Respondents are ORDERED to immediately release Petitioner David Hernandez from their custody into the United States, subject to any appropriate order of release on recognizance.

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within seven (7) days of the date of this Order affirming Petitioner's release from custody into the United States.

4. Petitioner's Motion (Doc. No. 12) is DENIED as moot; and

5. Petitioner's remaining claims for relief are DISMISSED without prejudice.

6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 10th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge

3